UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOODROW WILSON, #145772,

       Petitioner,

v.

                                  CASE NO. 5:13-CV-11904
                                HON. JOHN CORBETT O'MEARA

PAUL KLEE,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

       Michigan prisoner/parolee Woodrow David Wilson ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal proceedings. Petitioner pleaded guilty to attempted unlawful driving away of an automobile ("UDAA") in the Wayne County Circuit Court in 2011 and was sentenced to 1 to 2 ½ years imprisonment to be served consecutively to other sentences for which he was on parole. In his pleadings, Petitioner raises claims concerning the trial court's denial of his plea withdrawal motion, the trial court's denial of his request for an evidentiary hearing, and the voluntariness of his plea. Petitioner was released on parole in June, 2013. For the reasons stated, the Court denies the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.    Facts and Procedural History**

       Petitioner's conviction arises from his attempt to steal a van from a supermarket marking lot in Detroit, Michigan on March 15, 2011. Petitioner was charged with attempted UDAA and

attempted receiving and concealing a stolen motor vehicle. He faced sentencing as a fourth habitual offender. On June 9, 2011, Petitioner ended his jury trial and pleaded guilty to attempted UDAA in exchange for dismissal of the other charge, dismissal of the fourth habitual offender sentencing enhancement, and a sentencing agreement of one year of probation in the Wayne County Jail with mental health treatment and restitution. At the time of sentencing, however, the trial court was reluctant to sentence Petitioner to probation due to his criminal record. On June 14, 2011, the trial court declined to accept the sentencing agreement, allowed Petitioner to withdraw his plea, and set a jury trial date.

On August 10, 2011, Petitioner again ended his jury trial and pleaded guilty to attempted UDAA in exchange for dismissal of the other count, dismissal of the fourth habitual sentencing enhancement, and a sentencing agreement of 1 to 2 ½ years imprisonment. At that plea hearing, Petitioner was represented by counsel and said that he was satisfied with counsel. Petitioner acknowledged that he understood the rights that he would be giving up by pleading guilty. He confirmed that he was pleading guilty of his own free will and that he had not been threatened or promised anything, other than what was stated on the record, to induce his plea. Petitioner also provided a factual basis for his plea. The trial court accepted the plea. On August 18, 2011, the trial court sentenced Petitioner in accordance with the sentencing agreement. On September 20, 2011, the trial court amended to sentencing judgment to reflect that Petitioner's sentence would run consecutively to the sentences for which he was on parole, as required by state law.

In February, 2012, Petitioner moved to withdraw his plea and requested an evidentiary ("Ginther") hearing. Petitioner claimed that he felt coerced into pleading guilty, that the fourth habitual offender notice was untimely, that his plea was illusory because the receiving and

concealing charge was improper and the habitual offender notice was improper, that counsel mis-advised him about his maximum sentence as a fourth habitual offender such that his plea was involuntary, and that his guidelines were mis-scored and he did not receive proper sentencing credit. On June 12, 2012, the trial court denied Petitioner's motion to withdraw his plea in a summary order. On July 27, 2012, the trial court conducted a hearing on Petitioner's motion for a Ginther hearing and denied the motion.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising claims concerning the trial court's denial of his plea withdrawal motion, the trial court's denial of his evidentiary hearing motion, the voluntariness of his plea/illusory plea, the effectiveness of counsel, an upward sentencing departure, and the conduct of the prosecutor. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Wilson*, No. 312001 (Mich. Ct. App. Oct. 19, 2012) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Wilson*, 493 Mich. 953, 828 N.W.2d 38 (2013).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I.  The trial court abused its discretion when it denied his motion to withdraw his guilty plea.

II. The trial court abused its discretion when it denied his request for an evidentiary (Ginther) hearing.

III. The prosecutor coerced him into pleading guilty when he used an invalid habitual notice - inducing plea.

Respondent has filed an answer to the habeas petition contending that it should be denied for lack of merit.

**III.   Standard of Review**

3

> Federal law imposes the following standard of review for habeas cases:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential

standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has ruled that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538

5

U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

On direct appeal, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order. Having reviewed the matter, and for the reasons that follow, the Court concludes that the state courts' denials of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

**IV.    Analysis**

---

[1]The Court notes that it would reach the same result under a de novo standard of review.

### A.     Plea Withdrawal Claim

Petitioner first asserts that he is entitled to habeas relief because the state trial court erred in refusing to allow him to withdraw his guilty plea. Petitioner, however, is not entitled to habeas relief on any such claim. Such a claim is not cognizable on habeas review because it is a state law claim. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378 , 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). Federal habeas courts have no authority to correct perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Habeas relief is therefore not warranted on this claim.

Petitioner is also not entitled to habeas relief on any claim that his plea was involuntary. Petitioner asserts that his plea was involuntary because his attorney erroneously led him to believe that: (1) a habitual offender notice had been filed with the trial court, (2) he could be convicted of both attempted UDAA and attempted receiving and concealing a motor vehicle, and (3) he could receive a sentence of life imprisonment if convicted of one or both of those offenses.

A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id*. at 749. A plea is intelligent and knowing where there is nothing

7

to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id*. at 756. A plea must also be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id*. at 748.

The state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 53 years old at the time of his plea and was familiar with the criminal justice system due to prior convictions. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The parties discussed the charges and the plea agreement. Petitioner received benefits, as to charges and sentencing, from his bargain. At the time of his plea, Petitioner indicated that he understood the terms of the plea, that he was pleading guilty of his own free will, and that he had not been promised anything else or threatened to induce his plea.

Petitioner believes that counsel misadvised him about the potential advantages/consequences of his plea. Petitioner, however, is mistaken. First, as to the habitual offender notice, the state court docket indicates that a habitual offender filing on March 17, 2011 at the time that the initial complaint, warrant, and felony information were filed. Petitioner was arraigned on March 18, 2011 and waived his preliminary examination on April 7, 2011. The trial court held an arraignment on the information on April 14, 2011. An amended information, dated April 21, 2011 and issued to reflect the dismissal of an assault charge, also included a fourth habitual offender notice. Both Petitioner and the state trial court were well aware of the fourth habitual offender notice at the start

8

of the criminal proceedings, which is the purpose of the state habitual offender statute. *See People v. Morales*, 240 Mich. App. 571, 618 N.W.2d 10 (2000). Additionally, the record indicates that the notice was filed in a timely manner under state law and/or that any error in filing with the trial court was harmless under state law. *See People v. Swift*, No. 318680, 2015 WL 728552, *2-3 (Mich. Ct. App. Feb. 19, 2015) (citing *People v. Walker*, 234 Mich. App. 299, 314-15, 593 N.W.2d 673 (1999)). Thus, Petitioner was subject to a fourth habitual offender sentencing enhancement such that he was not misadvised about his plea.

Second, as to the dual charges, Michigan law provides that a person can be charged and convicted of both UDAA and receiving and concealing a motor vehicle. *See People v. Hastings*, 422 Mich. 267, 268, 373 N.W.2d 533 (1985) (overruling *People v. Kyllonen*, 402 Mich. 135, 262 N.W.2d 2 (1978), and ruling that a person who steals property can be convicted of receiving or concealing that same property); *see also People v. Nutt*, 469 Mich. 565, 592-93, 677 N.W.2d 1 (2004) (receiving or concealing and second-degree home invasion do not violate double jeopardy). Petitioner was thus subject to prosecution for both attempted UDAA and attempted receiving and concealing a motor vehicle such that he was not misadvised about his plea.

Third, Petitioner also faced a sentence of life imprisonment as a fourth habitual offender. The maximum sentence for UDAA (and attempted UDAA) is a term of "not more than five years imprisonment." Mich. Comp. Laws § 750.413. Consequently, Petitioner was subject to a sentence of life imprisonment as a fourth habitual offender. *See* Mich. Comp. Laws. § 769.12(1)(b); *People v. James*, No. 253248, 2005 WL 1106363, *3 (Mich. Ct. App. May 10, 2005); *see also People v. Williams*, No. 307132, 2013 WL 1442260, *3 (Mich. Ct. App. April 9, 2013). Petitioner was thus subject to a sentence of life imprisonment as a fourth habitual offender such that was not misadvised

about his plea. He has not shown that his guilty plea was involuntary. Habeas relief is not warranted on this claim.

>    B.   **Evidentiary (Ginther) Hearing Claim**

Petitioner next asserts that he is entitled to habeas relief because the state trial court erred in denying his request for an evidentiary (Ginther) hearing. Such a claim, however, is based upon state law and does not justify relief in federal court. *See Hayes v. Prelesnik*, 193 F. App'x 577, 584 (6th Cir. 2006) (citation omitted). A state court's alleged failure to properly apply state law or its own procedural rules, even if well-established, is not cognizable on federal habeas review. This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law. *See, e.g., Estelle*, 502 U.S. at 67-68. There is also no clearly-established Supreme Court law which recognizes a constitutional right to an evidentiary hearing on state post-conviction review to develop issues. *Hayes*, 193 F. App'x at 584; *see also Davis v. Ludwick*, No. 10-CV-11240, 2013 WL 1212833, *18 (E.D. Mich. March 25, 2013) (denying habeas relief on similar evidentiary hearing claim); *Hall v. Berghuis*, No. 07-12163, 2009 WL 2244793, *9 (E.D. Mich. July 27, 2009) (same). Consequently, Petitioner fails to state a cognizable federal claim as to this issue. Habeas relief is not warranted on such a basis.

Petitioner is also not entitled to habeas relief on any claim that defense counsel was ineffective. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of

10

reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 788. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v.*

11

*Moore*, _ U.S. _, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

Petitioner essentially asserts that defense counsel was ineffective for misadvising him about his plea. As discussed *supra*, however, counsel did not misinform Petitioner about the charges, the possible sentences that he faced, or the benefits and consequences of his plea. Counsel cannot be deemed ineffective for failing to make a futile objection or argue a meritless position. *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Moreover, the record indicates that counsel attempted to challenge the fourth habitual offender notice, but was unsuccessful. Petitioner fails to show what more counsel could have done to affect the trial court's decision as to that issue. More importantly, counsel was able to obtain a very favorable plea and sentencing agreement, which included the dismissal of felony charge, dismissal of the fourth habitual offender enhancement, and a sentence well below the maximum. Petitioner fails to establish that defense counsel erred and/or that he was prejudiced by counsel's conduct. Habeas relief is not warranted on this claim.

### C.   Coerced Plea/Illusory Plea Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because his guilty plea was coerced and illusory. Specifically, he claims that the prosecutor improperly induced his plea with an invalid fourth habitual offender enhancement and an invalid receiving and concealing charge. As discussed *supra*, however, the fourth habitual offender sentencing enhancement (with the possibility of a life sentence) and the attempted receiving and concealing charge were appropriate under state law. Petitioner received a benefit for his bargain - the dismissal of a felony charge and the dismissal of a fourth habitual sentencing enhancement with a possible life sentence, and a

12

favorable sentence agreement. Even if there was some issue regarding the habitual offender notice, the state trial court did not believe such to be the case and Petitioner avoided having to further litigate that issue. The other consideration and benefits that he received by tendering his plea also cannot be discounted. Petitioner's plea was neither coerced nor illusory. Habeas relief is not warranted on this claim.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his claims. The Court thus **DENIES** a COA.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

13

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: April 22, 2015

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 22, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager